UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS LELAND FLOYD,

                      Plaintiff,

      v.

CITY OF LAKEWOOD, CITY OF
TACOMA, COUNTY OF PIERCE, STATE
OF WASHINGTON, CHIEF KARR, KENT
HARMELL, STEVEN GANT, MICHAEL
KAWAMURA, OFFICER PAPP, THEO
ROSE, BAILIFFS SUPERIOR COURT
ROOM 260, JANZ PIERSON, AARON
TALNEY, RICHARD WHITEHEAD, M.
SCOLD, CARLOS ORTIZ, OFFICER
DARCY, TACOMA POLICE
DEPARTMENT, LAKEWOOD POLICE
DEPARTMENT, JUDGE FRANK
FLEMING, JUDGE LEE, JUDGE
CULPEPPER, SARGEANT JONES,
DIRECTOR OF POLICE DEPARTMENT,
JUDGE HILLIER, JUDGE SANDER
ALLEN, JUDGE KITTY VAN DOORN,
TIM BARTLETT, and ELLEN CHAMBERS,

                      Defendants.

No. C11-5068 BHS/KLS

SECOND ORDER TO AMEND OR SHOW
CAUSE

On March 16, 2011, Plaintiff was ordered to amend his complaint or show cause why his

complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.  ECF No.

10.  Plaintiff filed an Amended Complaint (ECF No. 12), but the filing fails to cure the

deficiencies found in his original complaint.  The Court finds, however, that Plaintiff should be

given one more opportunity to present an amended complaint.

ORDER TO AMEND OR SHOW CAUSE- 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that

ORDER TO AMEND OR SHOW CAUSE- 2

1    amendment would be futile, however, a pro se litigant must be given the opportunity to amend

2    his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

3            Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must

4    provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it

5    rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in

6    order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the

7    particular defendant has caused or personally participated in causing the deprivation of a

8    particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

9    To be liable for "causing" the deprivation of a constitutional right, the particular defendant must

10   commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and

11   which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

12

13   **A.      Claims Relating to Unlawful Arrest and Detention**

14           In his Amended Complaint, Plaintiff again lists numerous judges, public defenders, and

15   state, county, and city entities.  The amended complaint is barely legible and consists of a litany

16   of complaints for perceived injuries sustained as far back as 1972.  Plaintiff includes no

17   allegations as to the named municipalities or municipal entities from which a viable cause of

18   action may be discerned.   Plaintiff was previously advised, however, under 42 U.S.C. § 1983,

19   claims can only be brought against people who personally participated in causing the alleged

20   deprivation of a right, *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981), and that neither a

21   State nor its officials acting in their official capacities are "persons" under section 1983.  *Will v.*

22   *Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).   Plaintiff was advised to allege with

23   specificity the names of the persons within said entities who caused or personally participated in

24   causing the alleged deprivation of his constitutional rights.  He has not done so.

25

26

ORDER TO AMEND OR SHOW CAUSE- 3

1   In addition, and to the extent Plaintiff seeks compensation for "racial profiling," "false

2   arrest" and/or conviction stemming from state court proceedings (which apparently occurred on

3   January 26, 2010), Plaintiff has already been advised that he may not sue to recover damages for

4   a wrongful conviction until he has first proven that the conviction or sentence has been reversed

5   on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

6   make such determination, or called into question by a federal court's issuance of a writ of habeas

7   corpus, 28 U.S.C. § 2254.   *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   In his original

8   complaint, Plaintiff claimed that he was forced to "plead guilty in 1972 to a crime" of which he

9   was innocent.  ECF No. 8, p. 4.  In his amended complaint, Plaintiff makes reference to a hearing

10  in January 2010, and claims, *inter alia,* that his bail was improperly raised and revoked, and that

11  he was sentenced to life without parole, that he was assessed with three strikes, several judges

12  denied him due process by holding hearings outside of his presence, and that his public defenders

13  denied him the benefit of a trial and apprehended "an otherwise innocent man."  ECF No. 12, pp.

14  6-8.  Plaintiff does not, however, allege that his conviction has been reversed on direct appeal,

15  expunged by executive order, declared invalid by a state tribunal authorized to make such

16  determination, or called into question by a federal court's issuance of a writ of habeas corpus.

17  To the extent Plaintiff seeks to pursue a claim of malicious prosecution, that claim is also

18  without merit as one of the elements to maintaining such a claim is that the proceedings

19  terminated on the merits in favor of the plaintiff.  *Bender v. City of Seattle*, 99 Wn.2d 582, 593

20  (1983).   Nowhere does Plaintiff allege that any proceedings against him have been terminated

21  on the merits in his favor.

22       Moreover, Plaintiff was previously advised that judges are absolutely immune from

23  liability for damages in civil rights suits for judicial acts performed within their subject matter

ORDER TO AMEND OR SHOW CAUSE- 4

jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072,

1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per

curiam).  He was advised that public defenders are not state actors.  *Polk County v. Dodson*, 454

U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender who is performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting

under color of state law); *Miranda v. Clark County of Nevada*, 319 F.3d 465, 468 (9th Cir.2003).

**B.      Confiscation of Personal Property**

In his Amended Complaint, Plaintiff seeks compensation for the alleged unlawful

confiscation of his motor home by Washington State Patrol Officer Darcy.  Plaintiff does not

state when this alleged confiscation occurred; however, he alleges that it was done without a

warrant and during a false arrest.  ECF No. 12, p. 5.  Essentially, Plaintiff is alleging deprivation

of property without due process of law. However, if there are available post-deprivation state

remedies, that is all the process that is due.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct.

3194, 82 L.Ed.2d 393 (1983); *Parratt v. Taylor*, 451 U.S. 527, 541-44, 101 S.Ct. 1908, 68

L.Ed.2d 420 (1982), *overruled in part on other grounds, Daniels v. Williams*, 474, U.S. 327

(1986).  "[T]he availability of a tort suit, for defendants' random, unanticipated acts," satisfies

the due process clause.  *Blaylock v. Schwinden*, 856 F.2d 107, 110 (9th Cir.1988), superseded by

862 F.2d 1352 (1988).

Washington law provides a remedy for the return of property for persons aggrieved by an

unlawful search and seizure. See, CrR 2 .3(e):

Motion for Return of Property. A person aggrieved by an unlawful search and
seizure may move the court for the return of the property on the ground that the
property was illegally seized and that the person is lawfully entitled to possession

ORDER TO AMEND OR SHOW CAUSE- 5

thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

Plaintiff does not allege there was no post-deprivation process available to him and has, therefore, failed to state a viable cause of action for this claim.

**C.      Unlawful Use of Force During Arrest**

In his Amended Complaint, Plaintiff also claims that in "October – December 2009," he was tazed, slammed down and his teeth broken during an arrest.  ECF No. 12, p. 5.  To determine whether the force used by law enforcement officials "to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (quoting *United States v. Place*, 462 U.S. 696, 703, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983))). This "balancing of competing interests" has been described as "the key principle of the Fourth Amendment." *Garner*, 471 U.S. at 8, 105 S.Ct. 1694 (quoting *Michigan v. Summers*, 452 U.S. 692, 700 n. 12, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981)).  Because one of the factors in determining whether a particular use of force is excessive "is the extent of the intrusion, ... reasonableness depends on not only when a seizure is made, but also how it is carried out." *Id*.; see also *Graham*, 490 U.S. at 395, 109 S.Ct. 1865.

To demonstrate unconstitutional excessive force, a claimant must also show that officials applied force maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The standard is whether "the defendants applied force 'maliciously and sadistically for

ORDER TO AMEND OR SHOW CAUSE- 6

the very purpose of causing harm." *Id*. at 1441 (emphasis in original).  Not every malevolent

touch by a prison guard gives rise to a federal cause of action; indeed, the Eighth Amendment's

prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition

*de minimis* uses of physical force. *Cf Hudson*, 503 U.S. at 9-10 (blows directed at inmate which

caused bruises, swelling, loosened teeth and cracked dental plate were not de minimis).   Law

enforcement officers are granted legal authority to use physical force, if necessary, in the course

of making lawful arrests. *Gramm v. Connor*, 490 U.S. 386, 393 (1989).  This includes using

handcuffs and the physical force necessary to secure those handcuffs. *Taylor v. Pressler*, 716

S.2d 701, 708 (9th Cir. 1983).

        In order to properly set out a claim of unlawful use of force in violation of the Eighth

Amendment, Plaintiff must allege facts describing the unlawful force with more particularity.

For example, he must name the officers who assaulted him, state when the assault occurred,

describe the circumstances of the assault, and state how he was injured.

**D.       Eighth Amendment – Medical Care**

        Plaintiff also claims that he received poor medical care from Mary Scott and Dr. Charles

Ortiz.  Plaintiff is advised that to state a claim for denial or insufficient medical care under the

Eighth Amendment, he must allege a serious medical need and that defendants were deliberately

indifferent to those needs.  Deliberate indifference to an inmate's serious medical needs violates

the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*,

429 U.S. 97, 105 (1976).  Deliberate indifference includes denial, delay or intentional

interference with a prisoner medical treatment. *Id* at 104-05.  To succeed on a deliberate

indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable

state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  A determination of deliberate

ORDER TO AMEND OR SHOW CAUSE- 7

1    indifference involves an examination of two elements: the seriousness of the prisoner's medical

2    need and the nature of the defendant's response to that need.  *McGuckin v. Smith*, 954 F.2d 1050

3    (9th Cir. 1992).  A "serious medical need" exists if the failure to treat a prisoner's condition

4    would result in further significant injury or the unnecessary and wanton infliction of pain

5    contrary to contemporary standards of decency.  *Helling v. McKinney*, 509 U.S. 25, 32-35;

6    *McGuckin*, 954 F.2d at 1059.  Second the prison official must be deliberately indifferent to the

7    risk of harm to the inmate.  *Farmer*, 511 U.S. at 834.  To withstand summary dismissal, a

8    prisoner must not only allege he was subjected to unconstitutional conditions, he must allege

9    facts sufficient to indicate that the officials were deliberately indifferent to his complaints.  *Id.*

10

11       Differences in judgment between an inmate and prison medical personnel regarding

12   appropriate medical diagnosis and treatment are not enough to establish a deliberate

13   indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Further, mere

14   indifference, medical malpractice, or negligence will not support a cause of action under the

15   Eighth Amendment.  *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).

16

17       Thus, Plaintiff must provide factual allegations to describe his claim, including the nature

18   of his condition, which defendant denied him care or provided inappropriate care for his

19   condition, and when this occurred.

20

21       Due to the deficiencies described above, the Court will not serve the amended complaint.

22   Plaintiff may file another amended complaint curing, if possible, the above noted deficiencies, or

23   show cause explaining why this matter should not be dismissed no later than **June 17, 2011.**

24   The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and

25   claims for relief.  Plaintiff shall set forth his factual allegations **in separately numbered**

26   **paragraphs** and shall allege with specificity the following:

ORDER TO AMEND OR SHOW CAUSE- 8

(1)      the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)      the dates on which the conduct of each Defendant allegedly took place; and

(3)      the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is again reminded that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

ORDER TO AMEND OR SHOW CAUSE- 9

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **June 17, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this ___23rd___ day of May, 2011.


Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 10