UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS LELAND FLOYD,

    Plaintiff,

v.

CITY OF LAKEWOOD, et al.,

    Defendants.

CASE NO. C11-5068BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 16), Plaintiff's ("Floyd") objections to the R&R (Dkt. 18), and Floyd's request for assignment of counsel.

## I. DISCUSSION

**A.    Objections to the R&R**

The magistrate judge recommends dismissing Floyd's case with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)9(i)-(ii) and 1915A(b)(1). Dkt. 16 at 2. The magistrate judge also recommends counting the dismissal as a strike pursuant to 28 U.S.C. § 1915(g)

ORDER - 1

1 because Floyd's complaint is frivolous and fails to state a claim upon which relief can be
2 granted. *Id.*

3    A complaint is legally frivolous when it lacks an arguable basis in law or fact.
4 *Neitzke v.Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-
5 28 (9th Cir. 1984). A court may, therefore, dismiss a claim as frivolous where it is based
6 on an indisputably meritless legal theory or where the factual contentions are clearly
7 baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof will be dismissed for
8 failure to state a claim upon which relief may be granted if it appears the "[f]actual
9 allegations . . . [fail to] raise a right to relief above the speculative level, on the
10 assumption that all the allegations in the complaint are true." *See Bell Atlantic Corp. v.*
11 *Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to
12 present enough facts to state a claim for relief that is plausible on the face of the
13 complaint will subject that complaint to dismissal. *Id.* at 1974.

14    In this case, Floyd has had three opportunities to file a non-frivolous complaint
15 and to state therein claims for which relief is available. *See, e.g.*, Dkts. 8 (Complaint),
16 Dkt. 10 (order to amend and show cause why the court should not dismiss), Dkt. 12
17 (Amended Complaint), Dkt. 14 (second order to amend or show cause), Dkt. 15 (Second
18 Amended Complaint ("SAC")). The magistrate judge's R&R is based on review of the
19 SAC and prior versions of Floyd's attempts at filing a viable complaint in this case. *See*
20 Dkt. 16 at 1-12.

21    Floyd filed objections to the R&R. However, the document filed simply reiterates
22 his claims and does not show how the magistrate erred in concluding that he has either

presented viable claims that cannot be factually supported or alleged facts that cannot support a viable legal theory. The Court has considered the SAC, the R&R, and Floyd's objections to the R&R and concludes that the magistrate did not err in the analysis or recommendation found within the R&R. *See* Dkt. 16.

**B.     Motion for Assistance of Counsel**

Additionally, because Floyd's complaint is meritless and he has not shown a lack of ability to articulate his claims, he has not met his burden to obtain assigned counsel in a civil matter.

"28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984)). In *Wilborn*, the Ninth Circuit elaborated on this rule:

> The rule that counsel may be designated under section 1915(d) only in "exceptional circumstances" derives from *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. [1963]), *cert. denied*, 375 U.S. 845 (1963), which held that "the privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Weller* was extended, without comment, to "appointment of counsel" in *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). *Madden* was then cited for the rule in *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal after remand, (9th Cir.1981), *cert. denied*, 455 U.S. 958 (1983); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); and *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances *requires an evaluation of both* "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983), quoted in *Kuster*, 773 F.2d at 1049. Neither of these factors is dispositive and *both must be viewed together* before reaching a decision on request of counsel under section 1915(d).

*Wilborn*, 789 F.2d at 1331 (emphasis added).

Because the Court concludes that Floyd's complaint lacks merit, his motion for assistance of counsel is moot. Even if the motion were not found moot, Floyd has failed to meet his burden to obtain assistance of counsel because this matter is not complex even if merit were to be found.

## II.  ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) This action is **DISMISSED with prejudice**;

(3) This dismissal **SHALL** be considered a strike pursuant to 28 U.S.C. § 1915(g); and

(4) Floyd's motion for assistance of counsel (Dkt. 20) is **DENIED**.

Dated this 21st day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge